UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARL D. SHOBE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

Case No. 4:11-CV-623 (CEJ)

## MEMORANDUM

This matter is before the Court on the petition and amended petition of Earl D. Shobe, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.    Procedural Background

Petitioner Earl D. Shobe is presently incarcerated at the Jefferson City Correctional Center pursuant to the sentence and judgment of the Circuit Court of Marion County, Missouri.[1]  On July 21, 2008, a jury found petitioner guilty of one count of burglary second-degree, in violation of Mo.Rev.Stat. § 569.170.   The trial court sentenced petitioner as a prior and persistent offender to a term of imprisonment of ten years.   On August 11, 2009, the Missouri Court of Appeals affirmed petitioner's convictions and sentences.   State v. Shobe, 290 S.W.3d 161 (Mo. Ct. App. 2009).

Petitioner filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which the post-conviction court denied.  The Missouri Court of Appeals summarily affirmed the denial of post-conviction relief.  Shobe v. State, 354 S.W.3d 672 (Mo. Ct. App. 2011).  On April 5, 2011, petitioner timely filed this petition for relief pursuant to 28 U.S.C. § 2254.

---

[1]The offense occurred in Ralls County. Petitioner's request for a change of venue was granted and the case was transferred to Marion County.

## II. **Factual Background**[2]

Petitioner was accused of unlawfully entering a house and garage owned by James Galloway for the purpose of stealing in October 2007. Amended Information, Resp. Ex. A. at 13-14. At the time of the offense, the house was for sale and the premises were unoccupied. On October 27, a family member went to check on the house and discovered that it had been broken into. The front door, which had been intact on his last visit a week earlier, was damaged, and a riding lawn mower and battery charger were missing from the garage. A witness testified that she saw the mower and charger on petitioner's property in late October or early November 2007.

Andrew Tobias, petitioner's nephew, testified that he and petitioner first drove to the Galloway property to "check[] it out." Tobias stated that they returned in late October in order to get the lawn mower. According to Tobias, petitioner went in the front door of the house while he, Tobias, waited in the truck. He saw petitioner exit through the garage door, pushing the lawn mower. Tobias helped petitioner load the mower in the truck. Tobias testified that they put the mower on petitioner's property.

Tobias testified that he had not been offered a deal in exchange for his testimony, but he was on probation for another burglary and it was a condition of his probation that he testify truthfully. When questioned about his deposition testimony that the mower was on the front lawn when he and petitioner arrived at the Galloway residence, Tobias testified that he "didn't mean to say that."

At trial, the prosecutor asked the Ralls County sheriff whether he had found "any other property from the Galloway burglary" on petitioner's property. The sheriff

---

[2]Respondent did not file the trial transcript and so the Court has relied on the briefs submitted on direct appeal. See Resp. Ex. B. Disposition of petitioner's claims does not require the trial transcript.

-2-

answered, "Just these two items from the Galloway burglary." Defense counsel moved for a mistrial, arguing that the reference to "*the Galloway burglary*" implied that there had been other burglaries. The motion was denied. The prosecutor agreed not to say "the Galloway burglary" again.

Additional facts will be included as necessary to address the merits of petitioner's claims for relief.

### III. Legal Standard

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

-3-

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

## IV. Discussion

### Ground 1: Conviction Based on Perjured Testimony

In his first ground for relief, petitioner contends that the prosecutor knowingly presented perjured testimony which resulted in his conviction. Specifically, petitioner alleges that Tobias's testimony that he saw petitioner exit the garage with the mower was false. In support of his perjury allegation, petitioner cites to Tobias's pretrial deposition testimony that the lawn mower was sitting on the front lawn at the Galloway residence, not in the garage. Petitioner further asserts that Tobias only agreed to testify that the mower was inside the garage after he received probation for another burglary charge. Petitioner alleges that the prosecutor tried to conceal Tobias's perjury by failing to call the responding police officer who would have testified that, when seated in the truck, Tobias could not have seen petitioner enter the front door as he testified.

Petitioner did not present the perjury claim to the state courts, either on direct appeal or on appeal of the denial of his post-conviction motion. Thus, the claim is procedurally defaulted. To overcome the procedural default, petitioner must show

-4-

either (1) cause to excuse his failure to raise the issue in the state court and actual prejudice resulting from the alleged constitutional violation or (2) actual innocence. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012)[*citing*, Coleman v. Thompson, 501 U.S. 722 (1991)]; Hatcher v. Hopkins, 256 F.3d 761, 763 (2001). Here, petitioner asserts that he is actually innocent.

In Schlup v. Delo, 513 U.S. 298, 324-27 (1995), the Supreme Court "recognized a habeas petitioner could present a claim of actual innocence as a 'gateway' to resurrecting procedurally defaulted claims of constitutional error which occurred in the underlying trial." See Kidd v. Norman, 651 F.3d 947, 951 (8th Cir. 2011). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. The Eighth Circuit has held that a petitioner must "come forward not only with new reliable evidence which was not presented at trial, but to come forward with new reliable evidence which was not available at trial through the exercise of due diligence." Kidd, 651 F.3d at 953.

In this case petitioner's actual innocence claim rests on Tobias's pretrial deposition testimony and the statement of the responding officer---evidence that was available to him before trial. Consequently, petitioner cannot establish actual innocence to overcome the procedural default of his perjury claim.

### Ground 2: Denial of Motion for Mistrial

As his second ground for relief, petitioner asserts that the trial court erred in denying his motion for a mistrial after the sheriff referred to the "Galloway burglary."

Petitioner asserts that allowing this testimony was equivalent to allowing evidence that petitioner had committed other burglaries.

Questions concerning the admission of evidence are matters of state law and thus are not cognizable in federal habeas review. Wood v. Lockhart, 809 F.2d 457, 459 (8th Cir. 1987). A state court's evidentiary ruling will warrant the issuance of a habeas writ only where the asserted error resulted in a denial of due process. Id. To establish a right to relief, the petitioner must show that the evidentiary ruling was "so gross," "conspicuously prejudicial," or "otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process." Id. (citations omitted). There is no due process violation simply because a trial court admits evidence of a defendant's uncharged bad acts. Harris v. Bowersox, 184 F.3d 744, 752 (8th Cir. 1999). A habeas petitioner must show "that the alleged error rendered the entire trial fundamentally unfair—that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety, the verdict probably would have been different. Id. (quoting Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir.1991)) (internal quotations omitted). The court "reviews the totality of the facts in the case and the fairness of the whole trial." Id.

Petitioner raised the same issue on direct appeal. In analyzing the claim, the Missouri Court of Appeals noted that evidence of uncharged misconduct is not admissible to show a defendant's propensity to commit crimes. Resp. Ex. D, p. 3. "Evidence runs afoul of this rule if it shows that the defendant has committed, been accused of, been convicted of, or definitely been associated with another crime." Id. (quoting State v. Kelly, 119 S.W.3d 587, 591 (Mo. Ct. App. 2003)). However, "[v]ague or indefinite references to other crimes do not warrant a mistrial." Id.

-6-

The court of appeals found that the sheriff's testimony "was not clear evidence of [petitioner's] involvement with other burglaries." Resp. Exh. D, p. 4. Noting that the prosecutor had not sought to elicit testimony about other locations that petitioner may have stolen from, the court found that the inquiry concerned only "items that were taken from the residence of James Galloway, which formed the basis of the charge for which [petitioner] was being tried." Id. The state court's decision is neither contrary to nor an unreasonable application of clearly established law. Petitioner's second claim for relief will be denied.

## V.     Conclusion

For the reasons discussed above, the Court concludes that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to make a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2013.

-7-